Filed 2/20/25  P. v. Gamez CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JUAN JOSE GAMEZ,<br><br>    Defendant and Appellant. | 2d Crim. No. B333917<br>(Super. Ct. No. CR39965)<br>(Ventura County) |

Juan Jose Gamez appeals the trial court's Penal Code section 1172.75 resentencing order.[1]  We conclude that the court may consider factors in aggravation and mitigation to support a middle-term sentence, and affirm.  (*People v. Hilburn* (2023) 93 Cal.App.5th 189, 204 [imposition of the middle term at resentencing does not require aggravating circumstances be proven beyond a reasonable doubt]; *People v. Bautista-Castanon* (2023) 89 Cal.App.5th 922, 929 [same].)

---

    [1] All statutory references are to the Penal Code unless stated otherwise.

This appeal concerns resentencing of Gamez's conviction of spousal rape and assault with a semiautomatic firearm, among other crimes and findings, due to a now-invalid prior prison term enhancement. (§ 667.5, subd. (b).) At resentencing, the trial court struck the one-year prison term enhancement and imposed a middle-term sentence rather than a requested lower-term sentence for the assault with a firearm conviction. Gamez appeals and challenges the sentence as a violation of his Sixth Amendment constitutional right to a jury trial. He asserts that the middle-term sentence rests upon aggravating factors to which he neither stipulated nor were found true beyond a reasonable doubt by a trier of fact.

*FACTUAL AND PROCEDURAL HISTORY*[2]

L.L. and Gamez were married with two children but had separated. Following his release from prison for a drug conviction, Gamez entered L.L.'s bedroom as she slept. Thereafter, he raped L.L., repeatedly threatened to kill her, grabbed her by her neck, forced his firearm inside her mouth, and held her captive for nearly eight hours. Gamez's four-year-old daughter was inside L.L.'s bedroom and awake at times during the ordeal.

A jury convicted Gamez of spousal rape, assault with a semiautomatic firearm, false imprisonment, and criminal threats. (Former § 262, subd. (a)(1); §§ 667.61, subd. (e)(4), 245, subd. (b), 236, 422.) The jury also found that Gamez personally used a

---

[2]At the resentencing hearing, the prosecutor requested the trial court to take judicial notice of the court file, including the transcript of the preliminary examination. Gamez did not object and referred to the transcript during argument. This factual summary is from the transcript.

firearm during commission of the crimes and served a prior prison term. (§§ 12022.5, subd. (a), 667.5, subd. (b).) Prior to trial, Gamez pleaded guilty to possession of methamphetamine, then a felony. (Health & Saf. Code, § 11377, subd. (a).)

On August 4, 1997, the trial court sentenced Gamez to an indeterminate term of 15 years to life for spousal rape with a firearm-use allegation. The court also imposed a consecutive determinate term of 10 years eight months for the remaining counts, including nine years (upper term) for the assault with a firearm conviction and one year for the prior prison term enhancement. Sentence on the remaining counts and allegations was either stayed or ordered to be served concurrently.

*Resentencing Notice and Petition*

In 2022, the California Department of Corrections and Rehabilitation notified the trial court that Gamez may be eligible for resentencing pursuant to section 1172.75. Gamez later filed a petition for resentencing and a supplemental brief, in part seeking full resentencing and a lower-term sentence for the assault with a firearm conviction. He based his argument upon his youth at the time of the crimes and his childhood trauma of physical and sexual abuse.

*November 29, 2023, Resentencing*

Following a hearing, the trial court struck the prior prison term enhancement and reduced the methamphetamine possession conviction to a misdemeanor. The court declined to strike the firearm-use enhancements which had been stayed at the initial sentencing. The court also refused to sentence Gamez to a lower-term sentence for the assault with a firearm conviction, but it reduced the sentence to the middle-term of six

3

years.  As a result, Gamez's total determinate term was six years eight months, which the court deemed served.

In sentencing Gamez, the trial court described the aggravating factors as "extensive," including a child's presence during the crimes, the fact that Gamez was then a parolee, and that Gamez had previously admitted committing acts of domestic violence against L.L.

*DISCUSSION*

Gamez argues that he was entitled to a lower-term sentence for his assault with a semiautomatic firearm conviction, in part due to his youth and childhood trauma.  He points out that the trial court stated that he was one day short of his 26th birthday at the time of the crimes.  (§ 1016.7, subd. (b) ["youth" includes any person under 26 years of age on the date the offense was committed].)[3]

Section 1172.75, subdivision (a) provides that any prison term enhancement imposed prior to January 1, 2020, pursuant to section 667.5, subdivision (b), except that imposed for a prior conviction for a sexually violent offense, is legally invalid.  Section 1172.75, subdivision (c) requires the trial court to recall an applicable sentence and resentence the defendant.

Section 1172.75, subdivision (d)(1) mandates the trial court to impose "a lesser sentence than the one originally imposed . . . unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety."  At resentencing, the court "shall apply the sentencing rules of the Judicial Council and apply any other changes in law that reduce

---

[3] Gamez's birthdate as stated in Board of Parole Hearing documents, however, indicates that he was nearly 28 years old at the time of the crimes.

sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing." (*Id.,* subd. (d)(2).) The court may also consider post-conviction factors, including the defendant's disciplinary record, his rehabilitation, and his age and physical condition affecting any risk for future violence, among other factors. (*Id.,* subd. (d)(3).) "Unless the court originally imposed the upper term, the court may not impose a sentence exceeding the middle term unless there are circumstances in aggravation that justify the imposition of a term of imprisonment exceeding the middle term, and those facts have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." (*Id.,* subd. (d)(4).)

Section 1170, subdivision (b)(6)(A) provides the opportunity for a lower-term sentence where a defendant has experienced childhood trauma and the trauma was a contributing factor to the offense, unless the court finds imposition of the lower term would be contrary to the interests of justice. Section 1170, subdivision (c) also requires the court to state on the record the reasons for its sentencing choice at the time of sentencing. California Rules of Court, rule 4.420(d) permits a sentencing judge to choose between the middle and lower terms of imprisonment by considering circumstances in aggravation or mitigation. This is true "whether or not the factors have been stipulated to by the defendant or found true beyond a reasonable doubt at trial by a jury or the judge in a court trial." (*Ibid.*) Relevant circumstances may rest upon the probation officer's report and evidence introduced at the sentencing hearing among other things.

We agree with *People v. Hilburn*, *supra*, 93 Cal.App.5th 189, 204, and *People v. Bautista-Castanon*, *supra*, 89 Cal.App.5th 922, 929, that imposition of a middle-term sentence does not require aggravating factors to be admitted or proven beyond a reasonable doubt.  Unlike section 1170, subdivisions (b)(1) and (b)(2) – which expressly require stipulation or proof beyond a reasonable doubt of the facts relied upon to impose an upper-term sentence – subdivision (b)(6) states no such requirement. (*Hilburn*, at p. 204; *Bautista-Castanon*, at p. 929.)  Subdivision (b)(6) does not implicate the Sixth Amendment jury trial guarantee because it creates a potential reduced term, not an increased term, based upon findings of eligibility and the interests of justice.  (*Hilburn*, at p. 204.)  Circumstances in aggravation or mitigation need only rest upon a sufficient factual basis for this purpose.  (*Id.* at p. 205.)

Moreover, the trial court did not abuse its discretion in imposing the middle term.  After a sufficient factual basis to support aggravating or mitigating factors is found, the court has broad discretion in its sentencing determination.  (*People v. Sandoval* (2007) 41 Cal.4th 825, 847, superseded by statute as stated in *People v. Lynch* (2024) 16 Cal.5th 730, 757.)  We review the sentencing decision for an abuse of discretion.  (*Ibid.*)  The court abuses its discretion if it relies upon circumstances that are not relevant to the decision or that otherwise constitute an improper basis for decision.  (*Ibid.*)

Here the trial court carefully considered the relevant aggravating and mitigating circumstances and appropriately determined that Gamez's criminal history and the circumstances of the crimes warranted a middle-term sentence.  The court's resentencing decision was not an abuse of discretion.  (*People v.*

*Flores* (2022) 73 Cal.App.5th 1032, 1039 [section 1170, subdivision (b)(6)(B) does not require imposition of the lower term in every case in which the defendant was under age 26 at the time he committed the crime].) The court properly weighed the factors and determined that the aggravating factors predominated despite evidence of Gamez's progress in rehabilitation.

*DISPOSITION*

The resentencing order is affirmed.

NOT TO BE PUBLISHED.


GILBERT, P. J.

We concur:


BALTODANO, J.


CODY, J.

Paul W. Feldman, Judge

Superior Court County of Ventura

_____

Susan S. Bauguess, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Scott A. Taryle and Viet H. Nguyen, Deputy Attorneys General, for Plaintiff and Respondent.